SAMUEL G. OGDEN, Jr., *v.* WILLIAM M. RAYMOND and WILLIAM H. FORBES.

The provisions of the Revised Statutes (1 R. S. 591, § 8), prohibiting the conveyance, etc., of real property, or other effects of a corporation, etc., exceeding one thousand dollars in value, without being authorized by a previous resolution of its board of directors, has no application to a case of transfer to a *bona fide* holder for a valuable consideration.

*Appeal from Judgment of Superior Court of New York.*

*G. W. Stevens,* for the plaintiff.

*P. Y. Cutler,* for the defendant.

WRIGHT, J. The case of *Ogden* v. *Andre and others,* decided by this court at the last March Term in its principal features and in the questions raised by the appellants, was like the present one. Both actions were upon subscription or advance premium notes held by the International Insurance company, and transferred by such company to Samuel G. Ogden, senior, as security for a loan of $19,000, made by the latter to the company to meet its liabilities. There was no evidence in either case tending to show that the senior Ogden was not a *bona fide* holder of the notes, nor that they had not been negotiated by the insurance company in the course of business ; and in the present case these facts were not put in issue by the pleading. In both cases the transfer of the notes was made by the president of the company without any previous resolution of the board of trustees ;

but in this case the question of the authority of the officer to act without such resolution is not involved. The complaint averred that the note was duly indorsed, transferred and delivered to the plaintiff by the International Insurance company, and that fact was not denied by the answer of the defendants.

In the case of *Ogden* v. *Andre* it was held that the insurance company had authority to transfer the notes to Ogden ; and that such transfer was not invalid as being in contravention of the provisions of section 8 of article 1, title 2, chapter 18, part I. of the Revised Statutes. (1 R. S., 591, § 8.) The insurance company was authorized by its act of incorporation to pledge or negotiate the notes for money borrowed (Laws of 1844, chap. 115, § 11 ; Laws of 1855, chap. 295); and the provision of the Revised Statutes has no application to the case of a transfer to a *bona fide* holder for a valuable consideration. The provision of the Revised Statutes is that " No conveyance, assignment or transfer not authorized by a previous resolution of its board of directors shall be made by any such corporation of any of its real estate, or of any of its effects, exceeding the value of one thousand dollars ;" but this section shall " not be construed to render void any conveyance, assignment or transfer in the hands of a purchaser for a valuable consideration and without notice." (1 R. S., 591, § 8.) If the section has any application to the transfer of a promissory or subscription note bought by an insurance company in the course of business, to earn money to meet its liabilities, this case does not fall within it. Ogden, the transferrer, was a *bona fide* holder. Besides, in this case the property transferred did not exceed the value of one thousand dollars. It was the defendant's promissory note for $750 which had not matured at the time of the negotiation.

The judgment of the Superior Court should be affirmed.

All the judges were for affirmance.

Affirmed.